IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER L. YBARRA,                                                                                         PLAINTIFF

v.                           Civil No. 4:23-cv-04046-SOH-CDC

LITTLE RIVER DETENTION CENTER;
GINA BUTLER, Jail Administrator; and
BOBBY WALRAVEN, Sheriff                                                                          DEFENDANTS

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Amber L. Ybarra, an inmate at the Little River County Detention Center (LRCDC), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is proceeding *pro se*, filed this action in the Eastern District of Arkansas. (ECF No. 1). The Honorable U.S. Magistrate Judge Jerome T. Kearney for the Eastern District of Arkansas ordered this matter be transferred to this District pursuant to 28 U.S.C. § 1406(a). (ECF No. 3). Upon receipt and pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously granted Plaintiff's *in forma pauperis* (IFP) application. (ECF No. 10). This matter is now before the Court for preservice screening under 28 U.S.C. § 1915A *et seq*. of the Prisoner Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review

1

and for the reasons outlined below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1). Thus, the Court further recommends that Plaintiff's Motion for Relief from Order, (ECF No. 12), be denied as moot.

## I.     BACKGROUND

Plaintiff's thirteen claims concern how the Defendants have responded to her grievances while she has been incarcerated at the LRCDC.[1] The first five claims concern grievances about how the LRCDC has handled her legal mail. Plaintiff contends that she has requested the policy stating that "the judge does not accept legal mail," and copies of mail receipts showing that her mail has been delivered, but the responses to those requests have been unsatisfactory. Plaintiff says she has been told, for example, that her "mail has been sent to the address on it," that the grievance about her mail had already been answered, that she "cannot mail out anything to the judge," and "that [her] mail was dropped off at dispatch." (ECF No. 7).

The next two claims involve her grievances about the absence of a curtain in the women's shower area. *Id.* According to Plaintiff, when she filed a grievance about this issue, she was told that "[they] will get some." *Id.* Plaintiff claims there are three cameras pointing directly at the women's shower area. *Id.* Plaintiff filed a second grievance about the same issue but has not received any response.

The eighth claim involves Plaintiff's grievance requesting to see the nurse about her

---

[1] The Amended Complaint, (ECF No. 7), is the operative pleading in this matter. *See Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) ("Generally, an amended complaint supersedes [sic] an original complaint and renders the original complaint without legal effect.") (citing *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019)).

prescription. *Id.* Plaintiff says she was told her grievance would be forwarded to medical but contends that LRCDC's doctor, Dr. Darryl Elkins, did not adequately address her health concerns when she saw him for a visit after complaining about allergies. *Id.* The ninth claim concerns Plaintiff's grievance requesting her pillow and a doctor's prescription to address her migraines. *Id.* Plaintiff contends she was asked when she received the prescription. Further, according to Plaintiff, the LRCDC does not provide pillows to inmates, so she uses her rolled up jumpsuit as a pillow. *Id.*

Regarding her tenth claim, Plaintiff contends that she filed a grievance requesting tissue and received a "used roll of tissue." *Id.* With respect to her eleventh claim, as the Court understands it, Plaintiff filed a grievance because the LRCDC provides meals to inmates through the "beanhole" or "flap." *Id.* Plaintiff contends this practice is unprofessional. The twelfth claim involves Plaintiff's grievance against the facility for serving beans. *Id.* Plaintiff contends she requested that the facility post the weekly menu in the pod, but was told the menu is the same every day. *Id.* Finally, Plaintiff filed a grievance because she needed to speak to her parole officer but was told that the "[they] cannot control what he does." *Id.* Plaintiff claims the "administration, officers, [and] sheriff" treat "her with malice and ill intent." *Id.* She contends she is locked in her cell for no reason and required to sit in the dark without a light, and that her request to move cells was denied. *Id.* Plaintiff requests compensatory and punitive damages, injunctive relief, and immediate release from custody. *Id.*

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

3

frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.     LEGAL ANALYSIS

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law."  *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added).

**A.  Claims against the Little River County Detention Center (LRCDC)**

Plaintiff identifies the Little River County Detention Center (LRCDC) as a defendant to this action. (ECF No. 7).  A detention center, however, is not a "person" within the meaning of § 1983. *See  Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).  Accordingly, all of Plaintiff's claims against the Little River County Detention Center should be dismissed.

### B. Claims against Gina Butler and Bobby Walraven

This leaves Plaintiff's claims against Gina Butler, Jail Administrator, and Bobby Walraven, Sheriff. Plaintiff's claims against these defendants similarly fail but for an entirely different reason: Plaintiff has failed to assert a plausible *constitutional* violation.

#### 1. Grievance Procedure

The root of this action concerns Plaintiff's dissatisfaction with the responses she has received to her grievances while incarcerated at the LRCDC. (ECF No. 7). Plaintiff, however, possesses no constitutional right to a grievance procedure. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Thus, to the extent that Plaintiff claims the Defendants did not properly respond to her grievances, Plaintiff has failed to implicate a constitutional right. *Id.* ("[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). This claim should therefore fail as a matter of law.

#### 2. Substance of Grievances

Turning to the *substance* of those grievances, Plaintiff fares no better. As the Court understands it, Plaintiff's grievances implicate several constitutional rights: (1) the right to send and receive mail; (2) the right to adequate medical care; (3) the right to privacy; and (4) the right for her conditions of pretrial confinement to be free from punishment.[2] Each is addressed, in turn,

---

[2] Publicly accessible Arkansas state court records show that Plaintiff is in custody pending state criminal charges. *See State of Arkansas v. Ybarra*, 41CR-23-21 (Ark. 9th Cir. Div. 2) (AOC Court Connect) (last visited June 26, 2023); *see also See Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Plaintiff's reference to having a parole officer, *see* (ECF No. 7 at p. 5), suggests that her detention may also relate to her status as a parolee. Because the Court has little information on her parole status, the Court considers her conditions of confinement claims under the Due Process Clause of the

below.

### i.     *First Amendment*

Plaintiff's first five grievances concern the delivery of her mail. To be sure, "[i]nmates clearly retain protections afforded by the First Amendment." *Thongvanh v. Thalacker*, 17 F.3d 256 (8th Cir. 1994) (quoting *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). "This includes the right to send and receive mail." *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). With one exception, however, Plaintiff, does not allege that Defendants failed to send her mail. Instead, she complains they did not provide her with proof that they sent her mail. The Court finds no grounds to support Plaintiff's apparent contention that her constitutional right to send mail extends to requiring proof that her mail has been sent or delivered. *See, e.g.*, *Shields v. Long*, No. 4:06-cv-682 (CEJ), 2010 WL 3908609, at *4 (E.D. Mo. Sept. 30, 2010) (finding that defendants are entitled to summary judgment on Section 1983 claim alleging defendants delayed or fail to return the receipts and signature cards for certified mail where plaintiff did not allege that the intended recipients did not receive the mail and did not identify that he suffered any harm). Accordingly, because Plaintiff's claim that the Defendants failed to provide her with proof of delivery of her mail does not implicate a constitutional right, it should likewise be dismissed.

The one exception is Plaintiff's contention that she attempted to send "legal mail," but was told "[she] cannot mail out anything to the judge." (ECF No. 7 at p. 2). Where Plaintiff does not specify whether she is suing the defendants in their individual or official capacities, or both, the Court construes the claims as being against the defendants in their official capacity. *Johnson v.*

---

Fourteenth Amendment, which provides "at least as great" protection to pretrial detainees as the Eighth Amendment affords to convicted prisoners. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (quoting *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).

6

*Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). An official capacity claim is a claim against the official's employer, in this case Little River County. *Id.*

A political subdivision – such as Little River County – "may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.* at 535-36 (citing *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). "A policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler*, 165 F.3d at 1204 (citing *Ware v. Jackson Cnty.*, 150 F.3d 873, 880 (8th Cir. 1998)). Alternatively, "custom or usage" is demonstrated by:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation.

*Ware*, 150 F.3d at 880.

Here, however, Plaintiff fails to establish any facts suggesting that the officials acted pursuant to policy when they did not send her mail to the judge. Further, Plaintiff appears to be describing a single instance where this happened – one instance falls short of establishing a "pattern of unconstitutional misconduct" necessary to plead a plausible official capacity claim. Accordingly, this claim should also fail.[3]

---

[3] Even if the Court construed Plaintiff's claims as against the defendants in their individual capacities, these claims should fail. To establish an individual capacity claim "the plaintiff must show that the official, acting under color of state law caused the deprivation of a federal right."

7

      *ii.*     *Medical Care*

Recognizing that pro se pleadings are to be liberally construed, this Court views Plaintiff's grievances about her prescriptions – claims eight and nine – as claims alleging that the Defendants acted with deliberate indifference to her medical needs in violation of the Eighth Amendment. *Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006) (applying the Eighth Amendment's deliberate-indifference standard to pretrial detainee's claims that he was denied adequate medical care).

The "deliberate indifference" standard involves objective and subjective components. *See Jolley v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Specifically, "the plaintiff must demonstrate (1) that [she] suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, Plaintiff's claims involve her requests to see medical personnel about prescriptions. (ECF No. 7 at p. 3). Even if Plaintiff has alleged sufficient facts showing that she has an "objectively serious medical need" related to prescription medication, Plaintiff has not established any facts showing that the Defendants deliberately disregarded those needs. Indeed, Plaintiff alleges Defendants responded to her grievance requesting to see the nurse about her prescription by forwarding it to medical personnel, *see* (ECF No. 7 at p. 3), and inquired further about her prescription for migraine medication. *Id.* She alleges no facts that her requests to be

---

*Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Put another way, it is not enough for a plaintiff seeking relief from a defendant in the defendant's individual capacity to allege that his rights were violated; the plaintiff must instead allege that his rights were violated *by the defendant*. Here, however, Plaintiff does not establish any facts specifying which, if any, defendant would not send her mail to the judge. Any individual capacity claims against these defendants would therefore also fail.

seen by medical personnel to address these issues were denied or otherwise ignored. Accordingly, to the extent that Plaintiff claims Defendants deliberately disregarded her medical needs in violation of her constitutional rights, such a claim should fail.[4]

      *iii.*      *Right to Privacy*

This Court next considers Plaintiff's grievances about the lack of a curtain in the women's shower area. (ECF No. 7 at p. 3). While, if true, such conditions are unfortunate, the Court finds these claims do not rise to the level of a *constitutional* violation.

The United States Court of Appeals for the Eighth Circuit has held that inmates do not have a constitutionally protected privacy right preventing them from being observed by guards of the opposite sex. *Bell v. Conard,* 749 F.App'x 490, 491 (8th Cir. 2019) (affirming preservice dismissal and holding that "prison officials did not violate a clearly established constitutional right by allowing female guards to monitor Bell through surveillance cameras") (citing *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities.")). Further, in *Robinson v. Boulier,* 121 F.3d 713, 1997 WL 546035 (8th Cir. 1997)

---

[4] Plaintiff also claims that Dr. Elkins did not provide her with proper medical care for her allergies. (ECF No. 7 at p. 3). Dr. Elkins is not named as a defendant to this action. This claim should therefore be dismissed for that reason alone. But even if he were, Plaintiff has failed to state a plausible medical indifference claim against him. For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir.2003). Here, Plaintiff clearly believes that Dr. Elkins should have done more to address her allergies. But she has not established any facts establishing that her disagreement with his treatment decisions rises to the level of medical indifference.

9

(unpublished table opinion), the Eighth Circuit concluded that prison policy permitting female guards to observe male inmates in the shower and toilet areas did not violate plaintiff's constitutional right to privacy. *Id.* at *1-2. Accordingly, the Court finds that Plaintiff's claim that there is no shower curtain in the women's shower area does not amount to a constitutional violation and this claim should be dismissed.

      *iv.*  *Conditions of Confinement*

Finally, the Court considers Plaintiff's remaining grievances – being denied a pillow, being given a "used roll of tissue," getting her meal tray through the "beanhole" or "flap," being offered the same food menu 7 days a week, and being told that the LRCDC does not control her parole officer – as claims related to her conditions of confinement.

Under the Fourteenth Amendment, "a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (quoting *Bell*, 441 U.S. at 538). Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Id.* (quoting *Bell*, 441 U.S. at 538-39).

In considering conditions of confinement claims, courts view the "totality of the circumstances of [plaintiff's] confinement and not any particular condition in isolation." *Stearns*, 957 F.3d at 909. However, "[n]ot every disability imposed during pretrial detention amounts to

10

punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*

In this case, Plaintiff's claims are simply *de minimis*. Plaintiff does not allege she is being denied meals or that they do not meet daily caloric or nutritional requirements. *Cf. Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980) (finding diet of two sweet rolls and coffee for breakfast and frozen "TV" dinners for the noon and evening meals to be constitutionally inadequate). Instead, she complains about the how the meals are being delivered and that the menu does not vary. Further, although a pillow may certainly be more comfortable than a rolled-up jumpsuit, Plaintiff has not demonstrated that, under the totality of the circumstances, the LRCDC policy of not providing pillows amounts to *punishment* in the constitutional sense. *Cf. Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981) (concluding that jury could have reasonably concluded that plaintiff's conditions of confinement were punitive where plaintiff was kept in his small cell for seventy-two hours without opportunity for exercise or shower and cell was infested with insects and housed rodents).

Although Plaintiff complains the LRCDC responded to her request to speak to her parole officer by saying that the LRCDC does not "control him," (ECF No. 7 at p. 5), Plaintiff has not established that the LRCDC prevented her from communicating directly with her parole officer. Finally, Plaintiff does not claim that she experienced a filthy cell for an extended period or that she was denied basic hygiene items. *Cf. Beaulieu v. Ludeman*, 609 F.3d 1017, 1045 (8th Cir. 2012) (detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time."). Therefore, considering the totality of the circumstances, the Court finds that Plaintiff's allegation that she was

11

given a "used roll of tissue," (ECF No. 7 at p. 4), insufficient to establish a plausible constitutional violation. The Court's conclusion that Plaintiff has asserted merely *de minimis* violations – if any – is further buttressed by the fact that Plaintiff does not allege that these conditions of confinement caused her to suffer any injury. *See Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996) (pretrial detainee's claim that he was exposed to raw sewage in his isolation cell for four days did not rise to the level of constitutional significance where detainee failed to establish that he suffered any injury from the exposure, and he declined an opportunity to clean the mess himself). Thus, Plaintiff's conditions-of-confinement claims should similarly fail.[5]

### IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Amended Complaint (ECF. No. 7) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; (2) Plaintiff's Motion for Relief from Order, (ECF No. 12), be **DENIED as MOOT**; and (3) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

---

[5] Plaintiff also claims "denial of fair trial" and requests "release from custody." (ECF No. 7 at p. 1, 6). Such a claim—and corresponding request for relief—is not cognizable as § 1983 claim because it necessarily imply the invalidity of her conviction and present confinement. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

**the district court.**

DATED this 26th day of June 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

13